1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
3  BRIAN J. STRETCH(CABN 163973)
   Chief, Criminal Division
4  HANLEY CHEW (CSBN 189985)
   STEPHANIE M. HINDS (CSBN 154284)
5  Assistant United States Attorneys
6    150 Almaden Blvd, Suite 900
     San Jose, CA 95113
7    Telephone: (408) 535-5054
     Fax: (408) 535-5066
8
     email: hanley.chew@usdoj.gov
9            stephanie.hinds@usdoj.gov

10                     UNITED STATES OF AMERICA

11                    NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13  UNITED STATES OF AMERICA,              )  Case No.  CR-07-00457-RMW
                                           )
14                    Plaintiff,           )  APPLICATION OF THE UNITED
                                           )  STATES FOR A PRELIMINARY ORDER
15              v.                         )  OF FORFEITURE
                                           )
16  MICHAEL WAYNE GAITHER,                 )
                                           )
17                    Defendant.           )
                                           )
18  _____

19      The United States of America, by and through the undersigned Assistant United States

20  Attorneys, respectfully submit this Application of the United States for Issuance of a Preliminary

21  Order of Forfeiture in the above-captioned case.  In support thereof, the United States sets forth

22  the following:

23      On July 18, 2007, defendant Michael Wayne Gaither was charged by indictment with

24  violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm

25  and ammunition).  The indictment also sought criminal forfeiture, pursuant to Title 18, United

26  States Code, Section 924(d), of:

27  ///

28  ///

1  a. a Mosin Nagant, Model M44, 7.62 x 54rmm caliber rifle, serial number M44018448; and

2  b. 32 rounds of 7.62 of 7.62 x 54rmm caliber ammunition

(hereinafter "subject property").

On October 1, 2007, defendant, Michael Wayne Gaither, pled guilty to a violation of Title 18, United States Code, Section 922(g)(1), and agreed to forfeit to the United States, all of his right, title and interest in the subject property.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and

1  included in the judgment.  The court may include in the order of forfeiture conditions
2  reasonably necessary to preserve the property's value pending any appeal.
3       The United States has established the requisite nexus between the subject property and
4  the offense to which the defendant pled guilty.  Pursuant to the provisions of Title 18, United
5  States Code, Sections 924(d), any and all right, title, and interest that the defendant holds in the
6  aforesaid property is forfeitable to the United States.
7       Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United
8  States Code, Section 853(n), the United States will publish at least once for three successive
9  weeks in a newspaper of general circulation, notice of this Order, notice of its intent to dispose of
10 the property in such manner as the Attorney General may direct and notice that any person, other
11 than the defendant, having or claiming a legal interest in the property must file a petition with the
12 Court and serve a copy on Hanley Chew, Assistant United States Attorney, or Stephanie M.
13 Hinds, Assistant United States Attorney, within thirty (30) days of the final publication of notice
14 or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be
15 for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be
16 signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the
17 petitioner's right, title or interest in the forfeited property and any additional facts supporting the
18 petitioner's claim and the relief sought. The United States may also, to the extent practicable,
19 provide direct written notice to any person known to have alleged an interest in the property that
20 is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to
21 those persons so notified.
22      WHEREFORE, the United States respectfully requests that this Court enter a Preliminary
23 Order of Forfeiture which provides for the following:
24     a.  authorizes the forfeiture of the subject property to the United States;
25     b.  directs the United States, through its appropriate agency, to seize the forfeited
26 property forthwith; and
27     c.  directs the United States to publish at least once for three successive weeks in a
28 newspaper of general circulation, notice of this Order, notice of the government's intent to

1 dispose of the property in such manner as the Attorney General may direct and provide notice
2 that any person, other than the defendants, having or claiming a legal interest in the property
3 must file a petition with the Court and serve a copy on government counsel within thirty (30)
4 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

Dated: 11/21/07                              Respectfully submitted,

                                                              SCOTT N. SCHOOLS
                                                              United States Attorney

                                                                               /S/

                                                              HANLEY CHEW
                                                             STEPHANIE M. HINDS
                                                             Assistant United States Attorneys